## COMMONWEALTH *vs.* MICHAEL DOUGHERTY.

A complaint, which charges a malicious destruction of cabbages, "situated and growing on land," does not sufficiently charge a malicious injury to personal property, within *St.* 1846, *c.* 52, for want of showing that the cabbages were not part of the realty.

A complaint on *St.* 1855, *c.* 457, for the malicious destruction of a tree, shrub or vine on the land of another, must aver an unlawful entry by the defendant on the land.

A COMPLAINT, made by Patrick M. Fitzgerald to a justice of the peace for the county of Franklin on the 3d of September 1855, alleged that the defendant, on the 1st of said September, at Greenfield, with force and arms, "thirty cabbages, the property of him the said Patrick M. and of the value of five dollars, situated and growing on land in the occupation of said Fitz gerald in Greenfield aforesaid, did unlawfully, wilfully and maliciously break down, pull up, injure and destroy." The defendant, being found guilty by the justice, appealed to the court of common pleas, and, after a verdict of guilty in that court, moved in arrest of judgment, on the ground that no offence was set forth in the complaint. *Bishop,* J. overruled the motion, and the defendant alleged exceptions.

*W. Griswold,* for the defendant, cited Rev. Sts. *c.* 126, §§ 39, 42, 44, 45; *Sts.* 1846, *c.* 52; 1855, *c.* 457.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, relied chiefly on *St.* 1846, *c.* 52; and cited *Penhallow* v. *Dwight,* 7 Mass. 34; *Whitmarsh* v. *Walker,* 1 Met. 313; *Claflin* v. *Carpenter,* 4 Met. 580; *Commonwealth* v. *Eckert,* 2 Browne, 249.

BY THE COURT. This complaint cannot be maintained under *St.* 1846, *c.* 52, entitled "an act concerning wilful and malicious injuries to personal property in certain cases," because it does not show that the cabbages were personal property. They may have been so growing upon the land as to be part of the realty, and the terms of the complaint imply that they were so.

The complaint seems rather to have been intended to be framed upon *St.* 1855, *c.* 457, which provides that "every person who shall wilfully and maliciously enter any orchard, nursery,

garden or cranberry meadow, and take away, mutilate or destroy any tree, shrub or vine, or steal, take and carry away any fruit or flower, without the consent of the owner thereof, shall be deemed guilty of a misdemeanor." But under that statute it cannot be maintained, for want of the essential averment of an unlawful entry. In many cases, civil and criminal, the unlawful entry is the gist of the action, although the circumstances may aggravate the trespass. For aught that appears in this complaint, the defendant may have been upon the premises lawfully.

*Judgment arrested.*